Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8705 | **DATE** | 06/20/2002 |
| **CASE TITLE** | Smedberg Machine Co v. Maron Products Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Dismiss or, in the alternative, to Transfer Venue (#4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on this order, the Court **DENIES** the motion to dismiss and **GRANTS** the motion to transfer. This matter is hereby transferred to the United States District Court for the Northern District of Indiana. All pending dates and motions in the Northern District of Illinois are terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 25 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 15 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | U.S. DISTRICT COURT CLERK  02 JUN 21 PM 5:13 Date/time received in central Clerk's Office | JUN 25 2002 date mailed notice mailing deputy initials |

# ORDER
## Background

Plaintiff, a resident of Chicago, Illinois, filed this lawsuit against Defendant, a resident of Mishawaka, Indiana, based on an alleged breach of contract. Plaintiff contracted to repair Defendant's machine. Defendant shipped its machine to Chicago for repairs, but, Plaintiff alleges, failed to make full payment pursuant to the contract. Defendant maintains Plaintiff failed to complete the repairs and such repairs were completed instead in Valparaiso, Indiana. The machine is currently located in Mishawaka, Indiana. Defendant moved to dismiss the claim for improper venue under Rule 12(b)(3) or, in the alternative, to transfer this case to the District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a). Defendant also filed a Motion to Strike Plaintiff's Response to Defendant's motions. For the reasons below, the Court DENIES Defendant's Motion to Dismiss, and GRANTS Defendant's Motion to Transfer. Defendant's Motion to Strike is DENIED as moot.

## Analysis

Venue is proper in the district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). Venue may be proper in more than one district. *Truserv Corp. v. Neff*, 6 F. Supp. 2d 790 (N.D. Ill. 1998). In a claim for breach of contract, venue is proper in the district or districts where the contractual duty was created and allegedly breached. *Id.* at 792. In deciding this motion, the Court must resolve factual conflicts in favor of the plaintiff, drawing any reasonable inferences in the plaintiff's favor. *First Health Group, Corp. v. Sanderson Farms, Inc.*, No. 99 C 2926, 2000 U.S. Dist. LEXIS 965, at *4 (N.D. Ill. Jan. 31, 2000).

Venue in this case is proper in the Northern District of Illinois. Defendant shipped the machine to Plaintiff's plant in Chicago, Illinois. Compl. ¶ 4. Plaintiff alleges Defendant paid a portion of the contract price on "said work," but failed to pay the remainder. Compl. ¶ 5. The apparent work done and alleged failure to pay comprise the basic elements of Plaintiff's claim. Accordingly, venue is proper in the Northern District of Illinois, and Defendant's Motion to Dismiss is DENIED.

The Court may, however, transfer any civil action to another district, provided: venue is proper in the transferee and transferor districts; the transfer is for the convenience of the parties and witnesses; and the transfer is in the interest of justice. 28 U.S.C. § 1404(a). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Gen. Accident Ins. Co. v. Travelers Corp.*, 666 F. Supp. 1203, 1206 (N.D. Ill. 1987).

Defendant has satisfied the requirements for transfer. As discussed above, venue is proper in the Northern District of Illinois. Venue is also proper in the Northern District of Indiana, as Defendant resides there. *See* 28 U.S.C. § 1391(a).

Second, a transfer to the Northern District of Indiana would serve the convenience of the parties and witnesses. In making this determination, the Court considers: the plaintiff's choice of forum; the site of material events; the availability of evidence in each forum; and the residences of the parties and their ability to bear the expenses of trial in a particular forum. *Truserv Corp.*, 6 F. Supp. 2d at 793. Plaintiff's choice of forum, while persuasive, does not control. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). In this case, the machine at issue is presently located in the Northern District of Indiana. Further, Defendant alleges several residents of the Northern District of Indiana, the only non-party witnesses identified thus far, completed the repairs. As the appearance of such witnesses is "often viewed as 'the most important factor in the transfer balance,'" this weighs heavily in favor of a transfer. *Truserv Corp.*, 6 F. Supp. 2d at 794 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)).

The Court must also consider the interest of justice, which includes the following factors: the speed with which a case will proceed to trial; a court's familiarity with the applicable law; and the desirability of resolving controversies in a particular locale. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). Judges of the Northern District of Indiana are equally familiar with the legal issues in this case, and our respective dockets are similarly congested. This matter concerns a resident of and property currently located in the Northern District of Indiana, and it should be decided there. There is a factual dispute between the parties as to applicable law, which the Northern District of Indiana will resolve.

Defendant's Motion to Strike Plaintiff's Response is rendered moot by the Court's decision. However, the fact that Plaintiff's counsel filed the Response three weeks after an extended deadline, which was itself granted to Plaintiff two weeks after the initial deadline, supports the inference Plaintiff has been sloppy in its pleadings and presentation to this Court.

## Conclusion

For the above-mentioned reasons, Defendant's Motion to Dismiss is DENIED, but Defendant's Motion to Transfer is GRANTED. Defendant's Motion to Strike Plaintiff's Response is DENIED as moot.

*[signature]*